IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ROSE MARIE ANZALONE, ) | |
| ) | |
| Plaintiff, ) | NO. 2:10-0005 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| TRENT GRIBBLE d/b/a WEST AND ) | |
| GRIBBLE BUILDERS, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff, Rose Marie Anzalone, a Florida citizen filed this action under 28 U.S.C. § 1332 on January 14, 2010 against the Defendant, Trent Gribble doing business as Gribble Builders, LLC, a Tennessee citizen asserting state common law and state statutory claims arising out of the parties' construction contract. Plaintiff's specific claim are for breach of contract, fraud misrepresentation, Tennessee Statutory violations and negligence per se.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 9) citing the parties' prior pending action in state court, as warranting dismissal of this action. Plaintiff filed responses. (Docket Entry Nos. 11, 18 and 19)

On August 18, 2009, the Defendant filed an action in the Chancery Court of Dekalb County, Tennessee in Smithville, "West and Gribble Builders, LLC versus Rose Marie Anzalone, Merrill Lynch Credit Corporation and Larry N. Westbrook, Trustee, Defendants, Case Number 2009-095." See Exhibit 1. Plaintiff filed an answer and counterclaim in that state court action that is pending and has been litigated by the parties. In her answer and counterclaim, Plaintiff asserted certain defects in the construction of the home at issue and disputes the

amounts West and Gribble Builders, LLC claim to be owed for the home construction. Id. Plaintiff also filed a motion to dismiss, contending that the parties' contract was signed by Trent Gribble individually rather that West and Gribble Builders, LLC. The Chancery Court of Dekalb County, Tennessee denied Plaintiff's motion and her application for a discretionary appeal.

## B. Conclusions of Law

Under Colorado River Water Cons,Dist. v. United States, 424 U.S. 800 (1986), the Court can dismiss or stay the action an action where there is a pending state court action that is similar to the federal action. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 273 (1888) (citing Colorado River, 424 U.S. at 818); Glover v. City of Portland, Tennessee, 675 F.Supp. 398 (M.D. Tenn. 1987). In Cole v. Tuscarawas County Department of Human Services, 77 F.3d 482, 1996 WL 67940 (6th Cir. Feb. 15, 1996), the Sixth Circuit set for the factors to be considered in such instances are:

1. whether there would be duplicative litigation;
2. the order in which jurisdiction was obtained by the concurrent forums;
3. the inconvenience of the federal forum; and
4. the desirability of avoiding piecemeal litigation

Colorado River, 424 U.S. at 817-18. The Supreme Court has cautioned that:

> No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. See Landis v. North American Co., supra, at 254-55. Only the clearest of jurisdiction will warrant dismissal.

Id.

Here, the state court action and federal court actions are parallel and duplicative. Both

actions concern the construction of Plaintiff's home in Dekalb County. Plaintiff asserts essentially the same State law claims in both actions. The state court earlier acquired jurisdiction over Plaintiff's property. In the state court action, the parties are litigating all issues on their contract in the State court. The governing law is state law. The state court is adequate to protect any federal interest of the Plaintiff. The State action has progressed far beyond this action.

In these circumstances, the Court concludes that dismissal is the appropriate remedy as Plaintiff can obtain complete relief in the state courts on her state law claims. Thus, the Defendant's motion to dismiss (Docket Entry No. 9) is **GRANTED** and this action is **DISMISSED without prejudice** to Plaintiff's underlying claims.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the ___30th___ day of April, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

3